(81 Misc. Rep. 196.)

### ETTINGER et al. v. CHRISTIAN SCHUCK & CO.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

1. LANDLORD AND TENANT (§ 5*)—"LEASE"—CREATION.

Though no particular words are necessary to create a "lease," an intention of one party to divest himself of possession and of the adverse party to come into possession for a determinate time must appear.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 3, 5, 9; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 5, pp. 4043–4049; vol. 8, pp. 7702, 7703.]

2. LANDLORD AND TENANT (§ 22*)—LEASE—CREATION.

An instrument reciting that the party signing it agrees to give the unexpired term to a third person as soon as he is ready to move, and an instrument signed by the third person reciting that he agrees to take the lease as soon as the premises are vacated, do not create a lease, but are at most an agreement for a lease; and the third person, never taking possession, is not liable for rent, but only liable for the difference between the rent specified and the amount that the party could realize on the premises after a breach.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

Appeal from City Court of New York, Trial Term.

Action by Morris Ettinger and another, doing business under the firm name and style of Ettinger Bros., against Christian Schuck & Co. From a judgment for plaintiffs, defendants appeal.   Reversed, and judgment given for defendants.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Gustave Frey, of New York City (E. D. Miner, of New York City, of counsel), for appellants.

Max Shlivek, of New York City, for respondents.

PAGE, J.   This action was brought to recover rent for 3½ months that was alleged to be due under and by virtue of a lease.   The documents that the plaintiff relied upon to prove, and which the court below has held to constitute, a lease are as follows (both on the letter heads of Ettinger Bros. and dated Bronx, N. Y., April 1, 1912):

"We, Ettinger Bros., agree to give the unexpired term of our lease to C. Schuck & Co. as soon as we are ready to move.   The term of the lease calls for one year from May 1, 1912, for the monthly rent of $75.   Deposit $10.00 (ten dollars) for the binding of the contract.

"[Signed]   Morris Ettinger."

And:

"I, Christian Schuck, agree to take the lease for store No. 533 Third Ave. from Ettinger Bros. as soon as they are ready to leave.

"[Signed]   Christian Schuck."

On August 5, 1912, the defendants wrote to the plaintiffs:

"Owing to the unsatisfactory reading of the lease which the landlord has sent us, we have decided not to take the store."

---

On August 9th the plaintiffs' attorney wrote that the store would be ready for them on September 1st, and notifying them that unless they performed their agreement of April 1st his clients would pay the rent and hold defendants liable therefor. On the first business day of September the defendants tendered $75 to the plaintiffs and demanded possession of the premises. The plaintiffs were still in possession of the premises, and told defendants' representative that they would give possession about September 15th, and on September 11th their attorney wrote that the premises were then vacant and ready for their occupancy, and that the plaintiffs would hold them liable for rent for the remainder of the term of plaintiffs' lease commencing with September 15, 1912. The defendants did not enter into possession, and this action was brought.

[1, 2] There never was a lease entered into between the parties, nor did the relation of landlord and tenant ever exist between them. While it is true that no particular words are necessary to create a lease, yet an intention of one party to divest himself of possession and of the other to come into it for a determinate time must appear. In the papers put in evidence there is no intention disclosed by the plaintiffs to divest themselves of possession, but they are to remain in possession until they are ready to move. If they were not ready to move during the term of their lease, the defendants could not demand to be put into possession; nor would the defendants have any right of action against the plaintiffs if they did not vacate the premises. There was an entire lack of mutuality in the contract that was made. The most favorable construction that could be put on this agreement is that it is an agreement for a lease at some future time, to be determined at the will of the plaintiffs. But such an agreement vests no estate in the defendants.

Although an action may be maintained for damages for the breach of an agreement to lease, an action for rent cannot be predicated thereon. The measure of damages is the difference between the contract price—i. e., the rental specified—and the amount the plaintiff was able to realize upon the premises after the breach, and not the rent reserved. Had there been a definite time for the term to commence, and the defendant entered into possession then, although the form of the agreement appeared to be merely an agreement for a lease, the taking of possession thereunder would show the intention of the parties that the agreement was to be one of lease. Such was the case of Fuest v. Craig (Sup.) 107 N. Y. Supp. 638, relied upon by the learned justice below.

The judgment should be reversed, with costs to the appellants, and judgment given for the defendants, with costs. All concur.